849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis MOORE, Defendant-Appellant.
 Nos. 88-5460, 88-5503.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Defendant Moore seeks an order from this Court granting him a stay of sentence and payment of fine pending appeal. The government has responded in opposition to the application.
 
 
 2
 Moore was convicted of conducting an illegal gambling business in violation of 18 U.S.C. Sec. 1955, conspiracy in violation of 18 U.S.C. Sec. 371, and fifteen other counts in connection with a bookmaking operation in Martin, Tennessee. He was sentenced to concurrent six month terms in prison on three counts, followed by two years probation and fined $1,000. Sentence was suspended on the remaining counts. Moore appealed separately from the jury verdict and from the judgment and committment order.
 
 
 3
 The district court denied Moore a stay of sentence and payment of the fine pending appeal, saying only that his appeal did not raise a substantial question. Although the district court's conclusory statement does not satisfy the writing requirement of Fed.R.App.P. 9(b), we decline to remand this matter for the reason that follows.
 
 
 4
 In his application for release, Moore contended that 1) he was entrapped and/or convicted on the basis of perjured testimony; 2) the jury was not given an instruction on entrapment; 3) the grand jury indictment was tainted by prosecutorial misconduct; 4) evidence admitted at trial from a search of his home and safe deposit box was obtained with an invalid search warrant; and, 5) he was convicted on insufficient evidence. Unfortunately, he reserved development of these issues for his appeal brief. Even if Moore had satisfied his burden of showing that he was not a risk of flight nor a danger to the community, mere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal under the Bail Reform Act, 18 U.S.C. Sec. 3143(b)(2). See United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985).
 
 
 5
 It is ORDERED that the application for release pending appeal is denied. Appeal number 88-5460 is dismissed for lack of jurisdiction.